## CITY OF BOSTON *vs.* WILLIAM R. BENSON & others.

It is not the province of this court to set aside a verdict rendered in the court of common pleas, as being against the evidence, although the evidence be fully reported in the bill of exceptions; but this court can look into the evidence to see whether the instructions given or refused were applicable to the case, and correct in law.

An alteration of an instrument in a material point, without the authority and consent of the makers, renders it void. *Aliter*, if done with their consent.

THIS action came before this court upon exceptions to the rulings of *Mellen*, J., in the court of common pleas, January

term, 1851, where a verdict was found for the plaintiffs. The facts, so far as necessary to understand the points actually decided, appear in the opinion.

*W. Sohier*, for the defendants.

*P. W. Chandler*, (city-solicitor,) for the plaintiffs.

SHAW, C. J. This action is *indebitatus assumpsit*, originally commenced against Benson, Homer, and Sprague; no service was made on Benson; by leave of court, the action was discontinued against Sprague; so the case proceeded to trial as an action against Homer only.

It appears, by the record, that there were two counts; the first on a special contract, in the form of a bond, but not under seal, designated in the exceptions as paper A.; the other was *indebitatus assumpsit* upon the common counts, being for goods sold, services done, supplies found, money received, money paid, &c.

We are called upon, in reference to this bill of exceptions, to repeat a remark which this court has had frequent occasion to make, that this court, in revising the judgments of the court of common pleas on a bill of exceptions, is strictly confined to a reëxamination of the grounds of it in matters of law; and it is beyond the province of this court to set aside a verdict, as being without sufficient evidence, or against evidence, or against the weight of evidence. And whether the evidence be reported briefly or fully, the result must be the same, unless, indeed, where a case is submitted by agreement of parties, on · evidence, with liberty to draw such inferences as a jury ought to do. This court is often pressed with the question, whether, upon the evidence set forth in the bill of exceptions, the case of the plaintiff or the defence of the defendant can be maintained; when we can only answer that we are not called on to decide on the evidence, we cannot judicially know that it is all before us, and we must adhere to the theory on which cases are thus brought up, which is, that if evidence be reported, as it often very properly is, it is not to enable the court to see whether the verdict is sustained by the proof, but to enable the court to see the nature of the evidence, in order to determine whether directions given or refused respecting it are applicable to the case and correct in law.

It appears, by the bill of exceptions, that here were two distinct and several claims, or causes of action, set forth in the two counts. It is stated that the plaintiffs relied on paper A. as a contract, pursuant to *St.* 1837, *c.* 238, requiring bonds to be given in certain cases, before the landing of alien passengers. Also, upon a promise by the defendants to pay the plaintiffs for the support of the sick on board said vessel, upon a special contract between the parties *before* the passengers were landed.

These were put forth as distinct claims; one depending upon the paper writing, the other upon evidence of a distinct and separate promise, having a different object in view; and as no such written evidence is mentioned, we must infer that it depended on oral evidence.

The only circumstance which raises a doubt about this is, the beginning of the statement of the evidence to this effect: " The evidence in the case was this." From this it is argued, and it is plausible, that this was all the evidence; but we are quite satisfied, from the subsequent part of the bill of exceptions, that there was other evidence.

The defendants' exceptions are mostly taken to the validity, construction, and legal effect of the contract set forth in the first count. But, in looking through the bill of exceptions, no directions were requested upon these points, and only one was given, to wit, that if names and sums were inserted in the paper by the plaintiffs' agent after the signature by the defendants, it was a material alteration, and would avoid it if made without the authority and consent of the defendants; but if made with such authority, it did not invalidate the instrument.                    *Exceptions overruled.*